**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
IN ADMIRALTY**

HESS CORPORATION, etc.,

        Plaintiff,

vs.                                                            Case No. 3:08-cv-12-J-32MCR

MORAN TOWING CORPORATION,
M/V STINICE, etc.,

        Defendants.

_____

**ORDER**[1]

This admiralty case is before the Court on defendant Moran Towing Corporation's Motion for Summary Judgment (Doc. 14) with supporting materials (Doc. 14 attachments and Docs. 15, 16, 17, 18) and plaintiff Hess Corporation's response in opposition (Doc. 23).

In this suit, Hess has sued the M/V Stinice and Moran Towing for damages allegedly caused to Hess' pier when the Stinice, assisted by two Moran tugboats, hit Hess' pier while attempting to dock at Hess' St. Johns River terminal on January 6, 2005.[2] Moran's primary argument in support of its motion for summary judgment is that Hess' claim is barred as a matter of law based on the common terms of the piloting clause of a towage agreement between Moran and the Stinice whereby the Stinice has agreed to indemnify Moran for

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2]Although Hess' complaint alleges that the incident occurred on January 6, 2004, all other papers (including the summary judgment motion and response and supporting materials) indicate the incident occurred on January 6, 2005.

liability caused by acts or omissions in docking the vessel.³ In its motion, Moran has cited a number of cases upholding the enforceability of pilotage clauses. None of them, however, stand for the proposition that a party not privy to such an agreement is barred from bringing suit against a party that is protected by it. Indeed, the purpose of such agreements seems to be twofold– first, it insulates the tug from liability for damage to the vessel itself (the relevant point for which most of the cases cited by Moran stand); and second, the clause "obligates [the vessel] to indemnify [the tug] for all liability to third parties imposed on [the tug] as a result of acts or omissions by [the captain]." City of Boston v. S.S. Texaco Texas, 599 F.Supp. 1132, 1141 (D. Mass. 1984), aff'd, 773 F.2d 1396 (1st Cir. 1985). Thus, Moran may be entitled to seek indemnification from the Stinice under the pilotage clause if Hess proves Moran's tugs to be liable.⁴ The agreement, however, does not present a basis to find that Hess' claim against Moran is barred.

Moran also moves for summary judgment on the basis that the undisputed facts fail to suggest that its tugs acted negligently in docking the Stinice. As support, Moran supplied deposition transcripts from two Hess employees present during the docking of the Stinice who testified that they did not have contact with Moran tug crews, did not overhear the

---

³The general premise for these agreements is that the ship's captain retains ultimate authority for the operation of the ship and those who contract with the ship (be they tugs or local docking pilots) become borrowed servants to the ship and her captain. See generally, Sun Oil v. Dalzell Towing Co., 287 U.S. 291 (1932). A copy of the towage agreement with piloting clause allegedly in effect between Moran and the Stinice is in the record at Doc. 14, Exhibit C.

⁴Although the M/V Stinice is named as a defendant, the record does not show any efforts by plaintiff to serve her; nor did Moran seek to cross-claim or file a third-party claim against her here.

2

communications between the ship and the tugs during the docking operation, and did not observe or learn of any failure on the part of the tugs. Moran also presented an affidavit from the docking pilot who stated that he was entirely unaware that there had even been a rough docking or that any damage was caused to the dock. Thus, Moran argues, there is no record evidence upon which to find that its tugs were negligent. Rather than providing contrary evidence which might have demonstrated a disputed issue of fact, Hess instead argues that the docking pilot's affidavit is not credible because he could not be expected to lay the blame for any accident upon himself. Hess further suggests that because the damage could only have been caused by the ship's captain, the docking pilot, or the tugs, the Court must hear testimony from each to determine which party or parties are at fault.

Generally, a nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Thus, "conclusory allegations without specific supporting facts have no probative value" and are insufficient to withstand a motion for summary judgment. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000). However, a plaintiff's failure to adequately respond to a defendant's motion for summary judgment will not in and of itself be fatal. The district court must still "consider the merits of the motion," reviewing all of the evidentiary materials submitted in support of the motion to determine whether there exists an absence of a genuine issue of material fact. United States v. One Piece of Real Prop., 363 F.3d 1099, 1101-02 (11th Cir. 2004). When ruling on motions for summary judgment, the Court must "view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." Burton v. City of Belle Glade, 178 F.3d

3

1175, 1187 (11th Cir. 1999).  "Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003).  Summary judgment should only be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1279-80 (11th Cir. 2004) (citing Fed. R. Civ. P. Rule 56(c)).

When measured against this standard, the Court finds the evidence upon which Moran relies is insufficient to support the entry of summary judgment in its favor. Accordingly, the Court finds Moran's motion for summary judgment (Doc. 14) is due to be **denied**.  Plaintiff is cautioned, however, that this was a close call and unlike at the summary judgment stage where the defendant is the moving party, at trial plaintiff will be required to prove its negligence case and the Court will not hesitate to grant a directed verdict if plaintiff fails to adduce sufficient evidence to create a triable issue regarding Moran's negligence.

The governing schedule has the parties mediating on August 12, 2009.  To give them sufficient time to pursue those efforts, the Court is resetting the deadline for the parties to file their pretrial statement until **August 24, 2009**.  The Final Pretrial Conference is accordingly reset for **August 28, 2009 at 11:00 a.m.** before the undersigned in Courtroom 10D.  The case remains set for a non-jury trial on the trial term beginning **September 8, 2009**.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of July, 2009.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
Roland Williams, Esq. (Mediator)